FILED
08 MAY 29 PM 12: 58

1  ALAN R. BRAYTON, ESQ., S.B. #73685
   DAVID R. DONADIO, ESQ., S.B. #154436
2  BRAYTON✦PURCELL LLP
   Attorneys at Law
3  222 Rush Landing Road
   Novato, California 94948-6169
4  (415) 898-1555
   (415) 898-1247 (Fax No.)
5
   Attorneys for Plaintiffs
6
7
8          **THE UNITED STATES DISTRICT COURT**

9          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10                **SAN FRANCISCO DIVISION**

11                                              CV 08 2704

   LOIS COLLINS, as Wrongful Death Heir,     )   No. _____
12 and as Successor-in-Interest to LESTER     )
   COLLINS, Deceased; and DONALD              )
13 COLLINS, STEPHEN COLLINS,                  )
   THOMAS COLLINS, DOUGLAS                    )   COMPLAINT FOR SURVIVAL,
14 COLLINS, and KAREN LEGGE, as Legal         )   WRONGFUL DEATH - ASBESTOS;
   Heirs of LESTER COLLINS, Deceased,         )
15                                            )   DEMAND FOR JURY TRIAL
                Plaintiffs,                   )
16                                            )
   vs.                                        )
17                                            )
                                              )
18 GENERAL ELECTRIC COMPANY, SUN             )
   SHIP, LLC, NEWPORT NEWS                    )
19 SHIPBUILDING AND DRY DOCK                  )
   COMPANY,                                   )
20                                            )
                Defendants.                   )
21

22                              **I.**

23                          **PARTIES**

24        1.    Plaintiffs in this action are the above captioned successor-in-interest to, or the

25 personal representative of the estate of Decedent; and the personal representatives on behalf of

26 the legal heirs, or the heirs-at-law, of the Decedent, and are all hereinafter referred to as

27 "Plaintiffs".

28 ////

BRAYTON✦PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

1    2.    The person who sustained asbestos-related lung injuries and death as a result of
2    their inhalation of asbestos fibers through the person's occupational exposure to asbestos,
3    hereinafter "Decedent" is, with the date of death: LESTER COLLINS died June 21, 2007. LOIS
4    COLLINS is the spouse of LESTER COLLINS and is hereinafter referred to as "surviving
5    spouse".

6    3.    Decedent sustained an asbestos-related lung disease and death by precisely the
7    following mechanism: the inhalation of asbestos fibers released during the handling of asbestos-
8    containing products at decedent's jobsites. The pathogenesis of decedent's asbestos-related
9    diseases is explained on **Exhibit A**, attached to plaintiff's complaint and incorporated by
10   reference herein.

11   4.    All of plaintiffs' claims arise out of a similar series of occurrences:  repeated
12   exposure to asbestos-containing products manufactured, distributed, and/or sold by defendants
13   and supplied to, installed and/or maintained by defendants at Decedent' worksites, over a period
14   of years, caused from release of toxic asbestos fibers and subsequent inhalation by the decedent,
15   resulting in cumulative, progressive, incurable lung diseases.

16   5.    Each plaintiff claims damages for an asbestos-related disease arising from an
17   identical series of occurrences not dependent on decedent's worksite but on the fact that
18   asbestos-containing products, when handled in the manner in which they were intended, released
19   harmful asbestos fibers which when inhaled by decedent, caused serious lung disease. The
20   allegations of plaintiffs regarding the nature of decedent's asbestos-related diseases, the nature of
21   asbestos; the propensity of asbestos to cause disease, the criteria for diagnosis of disease, are all
22   identical.

23   6.    Plaintiffs are informed and believe, and thereon allege, that at all times herein
24   mentioned, defendants were and are corporations, partnerships, unincorporated associations, sole
25   proprietorships and/or other business entities organized and existing under and by virtue of the
26   laws of the State of California, or the laws of some other state or foreign jurisdiction, and that
27   said defendants, and each of them, were and are authorized to do and are doing business in the
28   State of California, and that said defendants have regularly conducted business in the State of

1 | California.

2 | **II.**

3 | **JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT**

4 | 7. <u>Jurisdiction</u>: Plaintiff LOIS COLLINS is a citizen of Florida. Plaintiffs

5 | DONALD COLLINS, STEPHEN COLLINS, THOMAS COLLINS, and DOUGLAS COLLINS

6 | are citizens of New York.

7 | Defendant GENERAL ELECTRIC COMPANY is a corporation incorporated under the

8 | laws of and having its principal places of business in Connecticut.

9 | Defendant SUN SHIP, LLC is a corporation incorporated under the laws of and having

10 | its principal places of business in Pennsylvania.

11 | Defendant NEWPORT NEWS SHIPBUILDING AND DRY DOCK COMPANY is a

12 | corporation incorporated under the laws of and having its principal places of business in

13 | Virginia.

14 | This Court has original jurisdiction under 25 USC § 1332, in that it is a civil action

15 | between citizens of different states in which the matter in controversy exceeds, exclusive of costs

16 | and interest, seventy-five thousand dollars.

17 | 8. <u>Venue / Intradistrict Assignment</u>.    Venue is proper in the Northern District of

18 | California and assignment to the San Francisco Division of said district is proper as a substantial

19 | part of the events or omissions which give rise to the claims asserted by plaintiffs herein

20 | occurred within the County of San Francisco, California, and all of the defendants are subject to

21 | personal jurisdiction in this district at the time the action is commenced.

22 | **III.**

23 | **CAUSES OF ACTION**

24 | <u>FIRST CAUSE OF ACTION</u>
(Negligence - Survival)

25 |

26 | PLAINTIFF LOIS COLLINS AS SUCCESSOR-IN-INTEREST TO THE DECEDENT

27 | LESTER COLLINS COMPLAINS OF DEFENDANTS GENERAL ELECTRIC COMPANY,

28 | SUN SHIP, LLC, NEWPORT NEWS SHIPBUILDING AND DRY DOCK COMPANY, THEIR

K:\Injured\106834\FED\Cmp Fed Solo WD.wpd

3
COMPLAINT

1  "ALTERNATE ENTITIES,"AND EACH OF THEM;  EACH FOR A COUNT FOR

2  NEGLIGENCE (SURVIVAL) ALLEGE AS FOLLOWS:

3      9.      At all times herein mentioned, each of the named defendants was the successor,

4  successor in business, successor in product line or a portion thereof, assign, predecessor,

5  predecessor in business, predecessor in product line or a portion thereof, parent, holding

6  company, affiliate, venturer, co-venturer, subsidiary, wholly or partially owned by, or the whole

7  or partial owner of or member in an entity researching, studying, manufacturing, fabricating,

8  designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale,

9  supplying, selling, inspecting, testing, authorizing, approving, certifying, facilitating, promoting,

10  representing, endorsing servicing, installing, contracting for installation, repairing, marketing,

11  warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating,

12  or otherwise directing and/or facilitating the use of, or advertising a certain product, namely

13  asbestos, and/or other products containing asbestos. Said entities shall hereinafter collectively

14  be called ALTERNATE ENTITIES. Each of the herein named defendants is liable for the

15  tortious conduct of each successor, successor in business, successor in product line or a portion

16  thereof, assign, predecessor in product line or a portion thereof, parent, holding company,

17  affiliate, venturer, co-venturer, subsidiary, whole or partial owner, or wholly or partially owned

18  entity, or entity that it was a member of, or funded, that researched, studied, manufactured,

19  fabricated, designed, modified, labeled, assembled, distributed, leased, bought, offered for sale,

20  supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed,

21  warranted, rebranded, manufactured for others and advertised a certain product, namely asbestos,

22  and other products containing asbestos. The following defendants, and each of them, are liable

23  for the acts of each and every ALTERNATE ENTITY, and each of them, in that there has been a

24  virtual destruction of plaintiff's remedy against each such ALTERNATE ENTITY; defendants,

25  and each of them, have acquired the assets, product line, or a portion thereof, of each such

26  ALTERNATE ENTITY; defendants, and each of them, caused the destruction of plaintiffs'

27  remedy against each such ALTERNATE ENTITY; each such defendant has the ability to assume

28  the risk-spreading role of each such ALTERNATE ENTITY; and that each such defendant

1 | enjoys the goodwill originally attached to each such ALTERNATE ENTITY:

2 | **DEFENDANT**                          **ALTERNATE ENTITY**

| | DEFENDANT | ALTERNATE ENTITY |
|---|---|---|
| 3 | GENERAL ELECTRIC COMPANY | MATTERN X-RAY |
| 4 | | HOTPOINT ELECTRIC APPLIANCE COMPANY LIMITED |
| | | TRUMBULL ELECTRIC MANUFACTURING COMPANY |
| | | G E INDUSTRIAL SYSTEMS |
| 5 | | GENERAL ELECTRIC JET ENGINES |
| 6 | SUN SHIP, LLC | SUN SHIP, INC. |
| | | SUN SHIPBUILDING AND DRY DOCK COMPANY |
| 7 | | SUN SHIPBUILDING COMPANY |
| | | SUNDOCKS FORD |
| 8 | | |
| | NEWPORT NEWS SHIPBUILDING AND | CONTINENTAL MARITIME INDUSTRIES, INC. |
| 9 | DRY DOCK COMPANY | SERVICE ENGINEERING CO. |
| | | NQ DE NNS MERGER CORP |
| 10 | | |

11 |      10.    At all times herein mentioned, defendants, their ALTERNATE ENTITIES, and

12 | each of them, were and are engaged in the business of researching, manufacturing, fabricating,

13 | designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale,

14 | supplying, selling, inspecting, endorsing, testing, authorizing, approving, certifying, facilitating,

15 | promoting, representing, servicing, installing, contracting for installation, repairing, marketing,

16 | warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating,

17 | or otherwise directing and/or facilitating the use of, or advertising a certain product, namely

18 | asbestos and other products containing asbestos.

19 |      11.    At all times herein mentioned, defendants, their ALTERNATE ENTITIES and

20 | each of them, singularly and jointly, negligently, and carelessly researched, manufactured,

21 | fabricated, designed, modified, tested or failed to test, abated or failed to abate, warned or failed

22 | to warn of the health hazards, labeled, assembled, distributed, leased, bought, offered for sale,

23 | supplied, sold, inspected, serviced, authorized, approved, certified, facilitated, promoted,

24 | installed, represented, endorsed, contracted for installation of, repaired, marketed, warranted,

25 | rebranded, manufactured for others, packaged and advertised, a certain product, namely asbestos,

26 | and other products containing asbestos, in that said products caused personal injuries to users,

27 | consumers, workers, bystanders and others, including the decedent herein, (hereinafter

28 | collectively called "exposed persons"), while being used in a manner that was reasonably

1   foreseeable, thereby rendering said products hazardous, unsafe, and dangerous for use by
2   "exposed persons".

3       12.    Defendants, their ALTERNATE ENTITIES, and each of them, had a duty to
4   exercise due care in the pursuance of the activities mentioned above and defendants, and each of
5   them, breached said duty of due care.

6       13.    Defendants, their ALTERNATE ENTITIES and each of them, knew, or should
7   have known, and intended that the aforementioned asbestos and products containing asbestos
8   and related products and equipment, would be transported by truck, rail, ship, and other common
9   carriers, that in the shipping process the products would break, crumble, or be otherwise
10  damaged; and/or that such products would be used for insulation, construction, plastering,
11  fireproofing, soundproofing, automotive, aircraft and/or other applications, including, but not
12  limited to unpacking, preparing, using, sawing, drilling, chipping, hammering, scraping, sanding,
13  breaking, removing, maintaining, inspecting, "rip-out", and other manipulation, resulting in the
14  release of airborne asbestos fibers, and that through such foreseeable use and/or handling
15  "exposed persons", including decedent herein, would use or be in proximity to and exposed to
16  said asbestos fibers, which contaminated the packaging, products, environment, and clothing of
17  persons working in proximity to said products, directly or through reentrainment.

18      14.    Decedent had used, handled, or been otherwise exposed to asbestos and asbestos-
19  containing products referred to herein in a manner that was reasonably foreseeable. Decedent's
20  exposure to asbestos and asbestos-containing products is on current information as set forth at
21  various locations and circumstances in **Exhibit A,** attached hereto and incorporated by reference
22  herein.

23      15.    As a direct and proximate result of the acts, omissions, and conduct of the
24  defendants, their ALTERNATE ENTITIES, and each of them, as aforesaid, decedent's exposure
25  to asbestos and asbestos-containing products caused severe and permanent injury, damage, loss,
26  or harm to the Decedent as set forth in **Exhibit A,** attached to plaintiffs' complaint and
27  incorporated by reference herein.

28  ////

1      16.     Plaintiffs are  informed and believes, and thereon alleges, that progressive lung

2 disease, cancer, and other serious diseases are caused by inhalation or ingestion of asbestos

3 fibers

4 without perceptible trauma and that said injury, damage, loss, or harm results from exposure to

5 asbestos and asbestos-containing products over a period of time.

6      17.     Decedent suffered from a condition related to exposure to asbestos and asbestos-

7 containing products.  Decedent was not aware at the time of exposure that asbestos or asbestos-

8 containing products presented any risk of injury and/or disease.

9      18.     As a direct and proximate result of the aforesaid conduct of the defendants, their

10 "alternate entities," and each of them, Decedent incurred liability for physicians, surgeons,

11 nurses, hospital care, medicine, hospices, X-rays and other medical treatment, the true and exact

12 amount thereof being unknown to plaintiffs at this time, and plaintiffs pray leave to amend this

13 complaint accordingly when the true and exact cost thereof is ascertained.

14      19.     As a direct and proximate result of the aforesaid conduct of the defendants, their

15 ALTERNATE ENTITIES, and each of them, Decedent incurred liability for the reasonable value

16 of medial care provided by decedent's family members measured by, inter alia, the costs

17 associated with the hiring a registered nurse, home hospice, or other service provider, the true

18 and exact amount thereof being unknown to plaintiffs at this time, and plaintiffs pray leave to

19 amend this complaint accordingly when the true and exact costs are known or at time of trial.

20      20.     As a direct and proximate result of the aforesaid conduct of defendants, their

21 ALTERNATE ENTITIES, and each of them, Decedent suffered permanent injuries to his

22 person, body, and health, including, but not limited to, asbestosis, other lung damage, and cancer

23 and related sequelae, and the mental and emotional distress attendant thereto, and ultimately

24 death, from the effect of exposure to asbestos fibers, all to his general damage in the sums to be

25 proven at trial.

26      21.     As a further direct and proximate result of the said conduct of the defendants,

27 their ALTERNATE ENTITIES, and each of them, Decedent incurred loss of income, benefits,

28 entitlements, wages, profits, and commissions, a diminishment of earning potential, and other

1  pecuniary losses, the full nature and extent of which are not yet known to plaintiffs; and leave is

2  requested to amend this complaint to conform to proof at the time of trial.

3       22.     As a further direct and proximate result of the said conduct of the defendants,

4  their ALTERNATE ENTITIES, and each of them, decedent's exposure to asbestos and asbestos-

5  containing products caused severe and permanent injury to Decedent, and ultimately Decedent

6  died on the date previously stated herein.

7       23.     Defendants, their ALTERNATE ENTITIES, and each of them, and their officers,

8  directors and managing agents participated in, authorized, expressly and impliedly ratified, and

9  had full knowledge of, or should have known of, each of the acts set forth herein.

10      24.     Defendants, their ALTERNATE ENTITIES, and each of them, are liable for the

11  fraudulent, oppressive, and malicious acts of their ALTERNATE ENTITIES, and each of them,

12  and each defendant's officers, directors, and managing agents participated in, authorized,

13  expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of

14  each of their ALTERNATE ENTITIES as set forth herein.

15      25.     The herein-described conduct of said defendants, their ALTERNATE ENTITIES,

16  and each of them, was and is despicable, willful, malicious, fraudulent, outrageous, and in

17  conscious or reckless disregard and indifference to the safety, health, and rights of "exposed

18  persons", including Decedent herein, giving rise to decedent's claim herein alleged for punitive

19  damages against said defendants.

20      WHEREFORE, plaintiffs pray judgment against defendants, and each of them, as

21  hereinafter set forth.

22                           SECOND CAUSE OF ACTION

23                            (Products Liability - Survival)

24  PLAINTIFF LOIS COLLINS AS SUCCESSOR-IN-INTEREST TO THE DECEDENT

25  LESTER COLLINS COMPLAINS OF DEFENDANTS GENERAL ELECTRIC COMPANY,

26  SUN SHIP, LLC, NEWPORT NEWS SHIPBUILDING AND DRY DOCK COMPANY, THEIR

27  "ALTERNATE ENTITIES,"AND EACH OF THEM;  EACH FOR A SECOND, SEPARATE,

28  FURTHER AND DISTINCT CAUSE OF ACTION FOR PRODUCTS LIABILITY

K:\Injured\106834\FED\Cmp Fed Solo WD.wpd              8
                                        COMPLAINT

1 | (SURVIVAL), COMPLAIN AS FOLLOWS:

2 |     26.    Plaintiffs incorporates herein by reference, as though fully set forth herein, each
3 | paragraph of the First Cause of Action herein.

4 |     27.    Defendants, their "alternate entities", and each of them, knew and intended that
5 | the above-referenced asbestos and asbestos-containing products would be used by the purchaser
6 | or user without inspection for defects therein or in any of their component parts and without
7 | knowledge of the hazards involved in such use.

8 |     28.    Said asbestos and asbestos-containing products were defective and unsafe for
9 | their intended purpose in that the inhalation or ingestion of asbestos fibers causes serious disease
10 | and/or death. The defect existed in the said products at the time they left the possession of
11 | defendants, their ALTERNATE ENTITIES, and each of them. Said products did, in fact, cause
12 | personal injuries, including asbestosis, other lung damage, cancer, and death to "exposed
13 | persons", including Decedent herein, while being used in a reasonably foreseeable manner,
14 | thereby rendering the same defective, unsafe, and dangerous for use.

15 |     29.    "Exposed persons" did not know of the substantial danger of using said products.
16 | Said dangers were not readily recognizable by "exposed persons". Said defendants, their
17 | ALTERNATE ENTITIES, and each of them, further failed to adequately warn of the risks to
18 | which Decedent and others similarly situated were exposed.

19 |     30.    In researching, manufacturing, fabricating, designing, modifying, testing or
20 | failing to test, warning or failing to warn, labeling, assembling, distributing, leasing, buying,
21 | offering for sale, supplying, selling, inspecting, testing, authorizing, approving, certifying,
22 | facilitating, promoting, representing, endorsing servicing, installing, contracting for installation,
23 | repairing, marketing, warranting, rebranding, manufacturing for others, packaging and
24 | advertising asbestos and asbestos-containing products, defendants, their ALTERNATE
25 | ENTITIES, and each of them, did so with conscious disregard for the safety of "exposed
26 | persons" who came in contact with said asbestos and asbestos-containing products, in that said
27 | defendants, their ALTERNATE ENTITIES, and each of them, had prior knowledge that there
28 | was a substantial risk of injury or death resulting from exposure to asbestos or asbestos-

1 containing products, including, but not limited to, asbestosis, other lung damages, and cancer.
2 Said knowledge was obtained, in part, from scientific studies performed by, at the request of, or
3 with the assistance of, said defendants, their ALTERNATE ENTITIES, and each of them, and
4 which knowledge was obtained by said defendants, their ALTERNATE ENTITIES, and each of
5 them on or before 1930, and thereafter.

6      31.     On or before 1930, and thereafter, said defendants, their ALTERNATE
7 ENTITIES and each of them, were aware that members of the general public and other "exposed
8 persons", who would come in contact with their asbestos and asbestos-containing products, had
9 no knowledge or information indicating that asbestos or asbestos-containing products could
10 cause injury, and said defendants, their ALTERNATE ENTITIES, and each of them, knew that
11 members of the general public and other "exposed persons", who came in contact with asbestos
12 and asbestos-containing products, would assume, and in fact did assume, that exposure to
13 asbestos and asbestos-containing products was safe, when in fact said exposure was extremely
14 hazardous to health and human life.

15      32.     With said knowledge, said defendants, their ALTERNATE ENTITIES, and each
16 of them, opted to research, manufacture, fabricate, design, modify, label, assemble, distribute,
17 lease, buy, offer for sale, supply, sell, inspect, service, install, contract for installation, repair,
18 market, warrant, rebrand, manufacture for others, package and advertise said asbestos and
19 asbestos-containing products without attempting to protect "exposed persons" from, or warn
20 "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and
21 asbestos-containing products. Rather than attempting to protect "exposed persons" from, or
22 warn "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos
23 and asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them,
24 intentionally failed to reveal their knowledge of said risk, and consciously and actively
25 concealed and suppressed said knowledge from "exposed persons" and members of the general
26 public, thus impliedly representing to "exposed persons" and members of the general public that
27 asbestos and asbestos-containing products were safe for all reasonably foreseeable uses.
28 Defendants, their ALTERNATE ENTITIES, and each of them, engaged in this conduct and

K:\Injured\106834\FED\Cmp Fed Solo WD.wpd

1 | made these implied representations with the knowledge of the falsity of said implied
2 | representations.

3 | 33.    The above-referenced conduct of said defendants, their ALTERNATE
4 | ENTITIES, and each of them, was motivated by the financial interest of said defendants, their
5 | ALTERNATE ENTITIES, and each of them, in the continuing, uninterrupted research, design,
6 | modification, manufacture, fabrication, labeling, assembly, distribution, lease, purchase, offer for
7 | sale, supply, sale, inspection, installation, contracting for installation, repair, marketing,
8 | warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating,
9 | or otherwise directing and/or facilitating the use of, or advertising of asbestos and asbestos-
10 | containing products. In pursuance of said financial motivation, said defendants, their
11 | ALTERNATE ENTITIES, and each of them, consciously disregarded the safety of "exposed
12 | persons" and in fact were consciously willing and intended to permit asbestos and asbestos-
13 | containing products to cause injury to "exposed persons" and induced persons to work with and
14 | be exposed thereto, including Decedent.

15 | 34.    Plaintiffs alleges that the aforementioned defendants, their ALTERNATE
16 | ENTITIES, and each of them impliedly warranted their asbestos and asbestos-containing
17 | products, to be safe for their intended use, but that their asbestos and asbestos-containing
18 | products, created an unreasonable risk of bodily harm to exposed persons.

19 | 35.    Plaintiffs relied upon defendants', their ALTERNATE ENTITIES, and each of
20 | their representations, lack of warnings, and implied warranties of fitness of asbestos and their
21 | asbestos-containing products. As a direct, foreseeable, and proximate result thereof, Decedent
22 | suffered permanent injury and death as alleged herein.

23 | 36.    As a direct and proximate result of the actions and conduct outlined herein,
24 | Decedent have suffered the injuries and damages herein alleged.

25 | WHEREFORE, plaintiffs pray judgment against defendants, their "alternate entities", and
26 | each of them, as hereinafter set forth.

27 | ////

28 | ////

1

2

### THIRD CAUSE OF ACTION
(Negligence - Wrongful Death)

3  PLAINTIFF LOIS COLLINS, INDIVIDUALLY, AS WRONGFUL DEATH HEIR, AND AS

4  SUCCESSOR-IN-INTEREST TO LESTER COLLINS DECEASED, AND PLAINTIFFS

5  DONALD COLLINS, STEPHEN COLLINS, THOMAS COLLINS, AND DOUGLAS

6  COLLINS AS LEGAL HEIR OF DECEDENT, COMPLAIN OF DEFENDANTS GENERAL

7  ELECTRIC COMPANY, SUN SHIP, LLC, NEWPORT NEWS SHIPBUILDING AND DRY

8  DOCK COMPANY, THEIR "ALTERNATE ENTITIES," AND EACH OF THEM; EACH FOR

9  A THIRD, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR

10  NEGLIGENCE (WRONGFUL DEATH), COMPLAIN AS FOLLOWS:

11      37.    Plaintiffs incorporates by reference each paragraph contained within the First

12  Cause of Action as though fully set forth herein.

13      38.    The heirs at law of the Decedent and their relationship to the Decedent is set forth

14  above.

15      39.    The individuals set forth as heirs constitute all of the surviving heirs of the

16  Decedent.

17      40.    As a direct and proximate result of the conduct of the defendants, their

18  ALTERNATE ENTITIES, and each of them, as aforesaid, the exposure to asbestos and asbestos-

19  containing products caused Decedent to develop diseases from which condition Decedent died.

20  Plaintiffs were unaware that the death caused by asbestos-related disease until within one year of

21  filing the complaint.

22      41.    At all times prior to his death, Decedent was a faithful and dutiful spouse to the

23  surviving spouse.

24      42.    As a direct and proximate result of the conduct of defendants, and each of them,

25  and the death of Decedent, Decedent's heirs have sustained pecuniary loss resulting from the

26  loss of care, society, comfort, attention, services, and support of Decedent all to the damage of

27  decedent's heirs.

28  ////

K:\Injured\106834\FED\Cmp Fed Solo WD.wpd          12

1    43.    As a further direct and proximate result of the conduct of defendants, and each of
2  them, and the death of decedent, decedent's heirs have incurred funeral expenses in an amount
3  currently not ascertained.

4       WHEREFORE, plaintiffs pray judgment against defendants, and each of them, as
5  hereinafter set forth.

6                    FOURTH CAUSE OF ACTION
                   (Products Liability - Wrongful Death)
7

8  PLAINTIFF LOIS COLLINS, INDIVIDUALLY, AS WRONGFUL DEATH HEIR, AND AS
9  SUCCESSOR-IN-INTEREST TO LESTER COLLINS DECEASED, AND DONALD
10 COLLINS, STEPHEN COLLINS, THOMAS COLLINS, AND DOUGLAS COLLINS, AS
11 LEGAL HEIRS OF LESTER COLLINS, COMPLAIN OF DEFENDANTS GENERAL
12 ELECTRIC COMPANY,  SUN SHIP, LLC, NEWPORT NEWS SHIPBUILDING AND DRY
13 DOCK COMPANY, THEIR "ALTERNATE ENTITIES," AND EACH OF THEM;  AND
14 EACH OF THEM; EACH FOR A FOURTH, SEPARATE, FURTHER AND DISTINCT
15 CAUSE OF ACTION FOR PRODUCTS LIABILITY (WRONGFUL DEATH), COMPLAIN
16 AS FOLLOWS:

17    44.    Plaintiffs incorporates herein by reference, as though fully set forth herein, each
18 paragraph of the First, Second and Third Causes of Action herein.

19    45.    As a direct and proximate result of the conduct of defendants, and each of them,
20 decedent's heirs have sustained the injuries and damages previously alleged.

21       WHEREFORE, plaintiffs prays judgment against defendants, their "alternate entities",
22 and each of them, as hereinafter set forth.

23  ////
24  ////
25  ////
26  ////
27  ////
28  ////

K.\Injured\106834\FED\Cmp Fed Solo WD.wpd          13
                                    COMPLAINT

1

IV.

2

**DAMAGES AND PRAYER**

3       WHEREFORE, plaintiffs prays judgment against defendants, their "alternate entities",

4   and each of them in an amount to be proved at trial in each individual case, as follows:

5       (a)     For plaintiffs' general damages according to proof;

6       (b)     For plaintiffs' loss of income, wages and earning potential according to proof;

7       (c)     For plaintiffs' s medical and related expenses according to proof;

8       (d)     For plaintiffs' cost of suit herein;

9       (e)     For exemplary or punitive damages according to proof;

10      (f)     For damages for fraud according to proof; and

11      (g)     For such other and further relief as the Court may deem just and proper, including

12   costs and prejudgment interest.

13   Dated: 5|28|08                        BRAYTON❖PURCELL LLP

14

15                                  By:

16                                       David R. Donadio
                                         Attorneys for Plaintiffs

17                                  **JURY DEMAND**

18       Plaintiffs hereby demand trial by jury of all issues of this cause.

19

20

21   Dated: 5|28|08                        BRAYTON❖PURCELL LLP

22

23                                  By:

24                                       David R. Donadio
                                         Attorneys for Plaintiffs

25

26

27

28

EXHIBIT A

**Decedent: LESTER COLLINS, deceased**

**Decedent's injuries:** Decedent's exposure to asbestos and asbestos-containing products caused severe and permanent injury to the decedent, including, but not limited to breathing difficulties, asbestosis, lung and/or other cancer, mesothelioma, and/or other lung damage. Decedent was diagnosed with mesothelioma on or about 2006. Decedent died on June 21, 2007.

**Defendants:** Plaintiffs contend that the asbestos-containing products to which Decedent was or may have been exposed to were manufactured, supplied, distributed, installed and/or contracted for by defendants and each of them.

Decedent's exposure to asbestos occurred at the following times and places, and involved exposure to dust created by the contractors and the products of the entities listed below. The exposure includes, but is not limited, to the following presently known contractors and the manufacturers and distributors of asbestos-containing products:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|----------|----------------------|-----------|----------------|
| US Navy | USS MIDWAY (CV-41) USS FRANKLIN D. ROOSEVELT (CV-42) USS PASSUMPSIC (AO-107) | Fireman | Approx. 1950 - 1955 |

Job Duties: Decedent worked in the engine, generator and pump rooms on the ships listed above. Decedent recalled that the USS MIDWAY (CV-41) had four turbine engines manufactured by WESTINGHOUSE ELECTRIC CORPORATION, and generators manufactured by GENERAL ELECTRIC COMPANY. Decedent worked with packing and gaskets on pumps and valves in the engine rooms. Decedent cut out gaskets from sheet gasket material and hammered them into place. Decedent worked in proximity to many other trades, including boilermakers tearing out and reinstalling boiler refractory material and manway gaskets; steamfitters and pipefitters tearing off and reapplying asbestos pipe insulation, mixing asbestos insulating cement for piping, replacing and repairing valves, and scraping off and reapplying asbestos gaskets and valve packing; welders using asbestos sheet and blanket material for fire protection; and laborers sweeping up asbestos dust. Plaintiff currently contends decedent was exposed to asbestos duringthis employment.

K:\Injured\106834\FED\FEDA  (Collins WD).wpd

EXHIBIT "A"