SEDGWICK, DETERT, MORAN & ARNOLD LLP
CHARLES T. SHELDON  Bar No. 155598
DEREK S. JOHNSON  Bar No. 220988
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

Attorneys for Defendant
GENERAL ELECTRIC COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LOIS COLLINS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GENERAL ELECTRIC COMPANY, et al., <br><br> Defendants. | CASE NO. CV 08-2704 EDL <br><br> **GENERAL ELECTRIC COMPANY'S ANSWER TO COMPLAINT FOR SURVIVAL, WRONGFUL DEATH -- ASBESTOS;** <br><br> **DEMAND FOR JURY TRIAL;** <br><br> **CERTIFICATION OF INTERESTED ENTITIES** |

Defendant GENERAL ELECTRIC COMPANY ("GE") hereby answers the Complaint For Survival, Wrongful Death (Asbestos), filed by plaintiffs ("Plaintiffs") on May 29, 2008, as follows:

1.      To the extent that paragraph 1 of the complaint consists of allegations of fact as to Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 1, and on such basis the allegations are denied.  To the extent that paragraph 1 of the complaint consists of allegations of fact as to Plaintiffs' decedent, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 1, and on such basis the allegations are denied.

2.      To the extent that paragraph 2 of the complaint consists of allegations of fact as to Plaintiffs' decedent, GE lacks sufficient knowledge or information to form a belief as to the truth

**Sedgwick**
Detert, Moran & Arnold, LLP

SF/1520847v1

ANSWER TO COMPLAINT FOR WRONGFUL DEATH          CASE NO. CV 08-2704 EDL

1  of the allegations of paragraph 2, and on such basis the allegations are denied. To the extent that

2  paragraph 2 of the complaint consists of allegations of fact as to Plaintiffs, GE lacks sufficient

3  knowledge or information to form a belief as to the truth of the allegations of paragraph 2, and on

4  such basis the allegations are denied.

5       3.     To the extent that paragraph 3 of the complaint consists of allegations of fact as to

6  Plaintiffs' decedent, GE lacks sufficient knowledge or information to form a belief as to the truth

7  of the allegations of paragraph 3, and on such basis the allegations are denied. To the extent that

8  paragraph 3 of the complaint consists of allegations of fact as to other defendants, GE lacks

9  sufficient knowledge or information to form a belief as to the truth of the allegations of

10 paragraph 3 and on such basis the allegations are denied. To the extent that paragraph 4 of the

11 complaint consists of allegations of fact as to GE, GE denies such allegations.

12      4.     To the extent that paragraph 4 of the complaint consists of allegations of fact as to

13 Plaintiffs' decedent, GE lacks sufficient knowledge or information to form a belief as to the truth

14 of the allegations of paragraph 4, and on such basis the allegations are denied. To the extent that

15 paragraph 4 of the complaint consists of allegations of fact as to other defendants, GE lacks

16 sufficient knowledge or information to form a belief as to the truth of the allegations of

17 paragraph 4, and on such basis the allegations are denied. To the extent that paragraph 4 of the

18 complaint consists of allegations of fact as to GE, GE denies such allegations. GE denies the

19 allegation that each plaintiff claims damages for an asbestos-related disease arising from an

20 identical series of occurrences.

21      5.     To the extent that paragraph 5 of the complaint consists of allegations of fact as to

22 Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the

23 allegations of paragraph 6, and on such basis the allegations are denied. To the extent that

24 paragraph 5 of the complaint consists of allegations of fact as to other defendants, GE  lacks

25 sufficient knowledge or information to form a belief as to the truth of the allegations of

26 paragraph 5, and on such basis the allegations are denied. GE denies the allegation that each

27 plaintiff claims damages for an asbestos-related disease arising from an identical series of

28 occurrences. GE denies the allegation that each and every allegation of each plaintiff regarding

1   the nature of their decedent's asbestos-related diseases, the nature of asbestos, the propensity of

2   asbestos to cause disease, and the criteria for diagnosis of disease are all identical.

3        6.     To the extent that paragraph 6 of the complaint consists of conclusions of law, GE

4   is not required to respond to it. To the extent that paragraph 6 of the complaint consists of

5   allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

6   belief as to the truth of the allegations of paragraph 6, and on such basis the allegations are

7   denied. To the extent that paragraph 6 of the complaint consists of allegations of fact as to GE,

8   GE denies such allegations.

9        7.     To the extent that paragraph 7 of the complaint consists of allegations of fact as to

10   Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the

11   allegations of paragraph 7, and on such basis the allegations are denied. To the extent that

12   paragraph 7 of the complaint consists of allegations of fact as to other defendants, GE lacks

13   sufficient knowledge or information to form a belief as to the truth of the allegations of

14   paragraph 7, and on such basis the allegations are denied. GE denies that it is a corporation

15   incorporated under the laws of Connecticut. GE admits that its principal place of business is in

16   Connecticut. GE lacks sufficient knowledge or information to form a belief as to the truth of the

17   allegation that this court has original jurisdiction under 25 USC § 1332, and on such basis the

18   allegation is denied.

19        8.     To the extent that paragraph 8 of the complaint consists of conclusions of law, GE

20   is not required to respond to it. To the extent that paragraph 8 of the complaint consists of

21   allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

22   belief as to the truth of the allegations of paragraph 8, and on such basis the allegations are

23   denied. To the extent that paragraph 8 of the complaint consists of allegations of fact as to

24   Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the

25   allegations of paragraph 8, and on such basis the allegations are denied. GE lacks sufficient

26   knowledge or information to form a belief as to the truth of Plaintiffs' allegation that the

27   Northern District of California is the proper venue for this case, and on such basis the allegation

28   is denied.

9.    To the extent that paragraph 9 of the complaint consists of conclusions of law, GE is not required to respond to it. To the extent that paragraph 9 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 9, and on such basis the allegations are denied. To the extent that paragraph 9 of the complaint consists of allegations of fact as to Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 9, and on such basis the allegations are denied. To the extent that paragraph 9 of the complaint consists of allegations of fact as to GE, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 9, and on such basis the allegations are denied.

10.    To the extent that paragraph 10 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 10, and on such basis the allegations are denied. GE admits that, in the past, it manufactured, distributed, supplied and sold certain products which contained some quantity of asbestos and/or had component parts which may have contained some quantity of asbestos, during a time period which may or may not be relevant to this case. Except to the extent admitted, GE denies all other allegations of fact as to GE in paragraph 10 of the complaint.

11.    To the extent that paragraph 11 of the complaint consists of conclusions of law, GE is not required to respond to it. To the extent that paragraph 11 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 11, and on such basis the allegations are denied. To the extent that paragraph 11 of the complaint consists of allegations of fact as to Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 11, and on such basis the allegations are denied. To the extent that paragraph 11 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

12.    To the extent that paragraph 12 of the complaint consists of conclusions of law,

Sedgwick
Detert, Moran & Arnold, LLP
SF/1520847v1

ANSWER TO COMPLAINT FOR WRONGFUL DEATH    CASE NO. CV 08-2704 EDL

1  GE is not required to respond to it. To the extent that paragraph 12 of the complaint consists of

2  allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

3  belief as to the truth of the allegations of paragraph 12, and on such basis the allegations are

4  denied. To the extent that paragraph 12 of the complaint consists of allegations of fact as to GE,

5  GE denies such allegations.

6          13.     To the extent that paragraph 13 of the complaint consists of allegations of fact as

7  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

8  of the allegations of paragraph 13, and on such basis the allegations are denied. To the extent

9  that paragraph 13 of the complaint consists of allegations of fact as to Plaintiffs, GE lacks

10  sufficient knowledge or information to form a belief as to the truth of the allegations of

11  paragraph 13, and on such basis the allegations are denied. To the extent that paragraph 13 of the

12  complaint consists of allegations of fact as to GE, GE denies such allegations.

13          14.     To the extent that paragraph 14 of the complaint consists of conclusions of law,

14  GE is not required to respond to it. To the extent that paragraph 14 of the complaint consists of

15  allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

16  belief as to the truth of the allegations of paragraph 14, and on such basis the allegations are

17  denied. To the extent that paragraph 14 of the complaint consists of allegations of fact as to

18  Plaintiffs' decedent, GE lacks sufficient knowledge or information to form a belief as to the truth

19  of the allegations of paragraph 14, and on such basis the allegations are denied. To the extent

20  that paragraph 14 of the complaint consists of allegations of fact as to GE, GE denies such

21  allegations.

22          15.     To the extent that paragraph 15 of the complaint consists of allegations of fact as

23  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

24  of the allegations of paragraph 15, and on such basis the allegations are denied. To the extent

25  that paragraph 15 of the complaint consists of allegations of fact as to Plaintiffs' decedent, GE

26  lacks sufficient knowledge or information to form a belief as to the truth of the allegations of

27  paragraph 15, and on such basis the allegations are denied. To the extent that paragraph 15 of the

28  complaint consists of allegations of fact as to GE, GE denies such allegations.

1    16.    GE admits that, over time, inhalation or ingestion of asbestos fibers can cause

2    lung disease and cancer.  Except to the extent admitted, GE denies all allegations of paragraph

3    16.

4    17.    To the extent that paragraph 17 of the complaint consists of allegations of fact as

5    to Plaintiffs' decedent, GE lacks sufficient knowledge or information to form a belief as to the

6    truth of the allegations of paragraph 17, and on such basis the allegations are denied.

7    18.    To the extent that paragraph 18 of the complaint consists of conclusions of law,

8    GE is not required to respond to it.  To the extent that paragraph 18 of the complaint consists of

9    allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

10    belief as to the truth of the allegations of paragraph 18, and on such basis the allegations are

11    denied.  To the extent that paragraph 18 of the complaint consists of allegations of fact as to

12    Plaintiffs and/or Plaintiffs' decedent, GE lacks sufficient knowledge or information to form a

13    belief as to the truth of the allegations of paragraph 18, and on such basis the allegations are

14    denied.  To the extent that paragraph 18 of the complaint consists of allegations of fact as to GE,

15    GE denies such allegations.

16    19.    To the extent that paragraph 19 of the complaint consists of conclusions of law,

17    GE is not required to respond to it.  To the extent that paragraph 19 of the complaint consists of

18    allegations of fact as to other defendants, GE  lacks sufficient knowledge or information to form

19    a belief as to the truth of the allegations of paragraph 19, and on such basis the allegations are

20    denied.  To the extent that paragraph 19 of the complaint consists of allegations of fact as to

21    Plaintiffs and/or Plaintiffs' decedent, GE lacks sufficient knowledge or information to form a

22    belief as to the truth of the allegations of paragraph 19, and on such basis the allegations are

23    denied.  To the extent that paragraph 19 of the complaint consists of allegations of fact as to GE,

24    GE denies such allegations.

25    20.    To the extent that paragraph 20 of the complaint consists of conclusions of law,

26    GE is not required to respond to it.  To the extent that paragraph 20 of the complaint consists of

27    allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

28    belief as to the truth of the allegations of paragraph 20, and on such basis the allegations are

**Sedgwick**
Detert, Moran & Arnold, LLP

1    denied. To the extent that paragraph 20 of the complaint consists of allegations of fact as to

2    Plaintiffs' decedent, GE lacks sufficient knowledge or information to form a belief as to the truth

3    of the allegations of paragraph 20, and on such basis the allegations are denied. To the extent

4    that paragraph 20 of the complaint consists of allegations of fact as to GE, GE denies such

5    allegations.

6         21.    To the extent that paragraph 21 of the complaint consists of conclusions of law,

7    GE is not required to respond to it. To the extent that paragraph 21 of the complaint consists of

8    allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

9    belief as to the truth of the allegations of paragraph 21, and on such basis the allegations are

10   denied. To the extent that paragraph 21 of the complaint consists of allegations of fact as to

11   Plaintiffs' decedent, GE lacks sufficient knowledge or information to form a belief as to the truth

12   of the allegations of paragraph 21, and on such basis the allegations are denied. To the extent

13   that paragraph 21 of the complaint consists of allegations of fact as to GE, GE denies such

14   allegations.

15        22.    To the extent that paragraph 22 of the complaint consists of allegations of fact as

16   to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

17   of the allegations of paragraph 22, and on such basis the allegations are denied. To the extent

18   that paragraph 22 of the complaint consists of allegations of fact as to Plaintiffs' decedent, GE

19   lacks sufficient knowledge or information to form a belief as to the truth of the allegations of

20   paragraph 22, and on such basis the allegations are denied. To the extent that paragraph 22 of the

21   complaint consists of allegations of fact as to GE, GE denies such allegations.

22        23.    To the extent that paragraph 23 of the complaint consists of conclusions of law,

23   GE is not required to respond to it. To the extent that paragraph 23 of the complaint consists of

24   allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

25   belief as to the truth of the allegations of paragraph 23, and on such basis the allegations are

26   denied. To the extent that paragraph 23 of the complaint consists of allegations of fact as to GE,

27   GE denies such allegations.

28        24.    To the extent that paragraph 24 of the complaint consists of conclusions of law,

1   GE is not required to respond to it. To the extent that paragraph 24 of the complaint consists of

2   allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

3   belief as to the truth of the allegations of paragraph 24, and on such basis the allegations are

4   denied. To the extent that paragraph 24 of the complaint consists of allegations of fact as to GE,

5   GE denies such allegations.

6        25.    To the extent that paragraph 25 of the complaint consists of conclusions of law,

7   GE is not required to respond to it. To the extent that paragraph 25 of the complaint consists of

8   allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

9   belief as to the truth of the allegations of paragraph 25, and on such basis the allegations are

10  denied. To the extent that paragraph 25 of the complaint consists of allegations of fact as to GE,

11  GE denies such allegations.

12       26.    GE incorporates by reference as though fully set forth herein paragraphs 1 through

13  25 of this Answer.

14       27.    To the extent that paragraph 27 of the complaint consists of allegations of fact as

15  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

16  of the allegations of paragraph 27, and on such basis the allegations are denied. To the extent

17  that paragraph 27 of the complaint consists of allegations of fact as to GE, GE denies such

18  allegations.

19       28.    To the extent that paragraph 28 of the complaint consists of conclusions of law,

20  GE is not required to respond to it. To the extent that paragraph 28 of the complaint consists of

21  allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

22  belief as to the truth of the allegations of paragraph 28, and on such basis the allegations are

23  denied. To the extent that paragraph 28 of the complaint consists of allegations of fact as to

24  Plaintiffs' decedent, GE lacks sufficient knowledge or information to form a belief as to the truth

25  of the allegations of paragraph 28, and on such basis the allegations are denied. To the extent

26  that paragraph 28 of the complaint consists of allegations of fact as to GE, GE denies such

27  allegations.

28       29.    To the extent that paragraph 29 of the complaint consists of allegations of fact as

1  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

2  of the allegations of paragraph 29, and on such basis the allegations are denied.  To the extent

3  that paragraph 30 of the complaint consists of allegations of fact as to Plaintiffs' decedent, GE

4  lacks sufficient knowledge or information to form a belief as to the truth of the allegations of

5  paragraph 29, and on such basis the allegations are denied.  To the extent that paragraph 29 of the

6  complaint consists of allegations of fact as to GE, GE denies such allegations.  GE lacks

7  sufficient knowledge or information to respond to the allegation that exposed persons did not

8  know of the substantial danger of using said products and, on that basis, denies it.

9      30.    To the extent that paragraph 30 of the complaint consists of allegations of fact as

10  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

11  of the allegations of paragraph 30, and on such basis the allegations are denied.  To the extent

12  that paragraph 30 of the complaint consists of allegations of fact as to GE, GE denies such

13  allegations.

14      31.    To the extent that paragraph 31 of the complaint consists of allegations of fact as

15  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

16  of the allegations of paragraph 31, and on such basis the allegations are denied.  To the extent

17  that paragraph 31 of the complaint consists of allegations of fact as to GE, GE denies such

18  allegations.

19      32.    To the extent that paragraph 32 of the complaint consists of allegations of fact as

20  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

21  of the allegations of paragraph 32, and on such basis the allegations are denied.  To the extent

22  that paragraph 32 of the complaint consists of allegations of fact as to GE, GE denies such

23  allegations.

24      33.    To the extent that paragraph 33 of the complaint consists of allegations of fact as

25  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

26  of the allegations of paragraph 33, and on such basis the allegations are denied.  To the extent

27  that paragraph 33 of the complaint consists of allegations of fact as to Plaintiffs' decedent, GE

28  lacks sufficient knowledge or information to form a belief as to the truth of the allegations of

1   paragraph 33, and on such basis the allegations are denied. To the extent that paragraph 33 of the

2   complaint consists of allegations of fact as to GE, GE denies such allegations.

3       34.    To the extent that paragraph 34 of the complaint consists of conclusions of law,

4   GE is not required to respond to it. To the extent that paragraph 34 of the complaint consists of

5   allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

6   belief as to the truth of the allegations of paragraph 34, and on such basis the allegations are

7   denied. To the extent that paragraph 34 of the complaint consists of allegations of fact as to GE,

8   GE denies such allegations.

9       35.    To the extent that paragraph 35 of the complaint consists of allegations of fact as

10  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

11  of the allegations of paragraph 35, and on such basis the allegations are denied. To the extent

12  that paragraph 35 of the complaint consists of allegations of fact as to Plaintiffs and/or Plaintiffs'

13  decedent, GE lacks sufficient knowledge or information to form a belief as to the truth of the

14  allegations of paragraph 35, and on such basis the allegations are denied. To the extent that

15  paragraph 35 of the complaint consists of allegations of fact as to GE, GE denies such

16  allegations.

17      36.    To the extent that paragraph 36 of the complaint consists of allegations of fact as

18  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

19  of the allegations of paragraph 36, and on such basis the allegations are denied. To the extent

20  that paragraph 36 of the complaint consists of allegations of fact as to Plaintiffs and/or Plaintiffs'

21  decedent, GE lacks sufficient knowledge or information to form a belief as to the truth of the

22  allegations of paragraph 36, and on such basis the allegations are denied. To the extent that

23  paragraph 36 of the complaint consists of allegations of fact as to GE, GE denies such

24  allegations.

25      37.    GE incorporates by reference as though fully set forth herein paragraphs 1 through

26  36 of this Answer.

27      38.    To the extent that paragraph 38 of the complaint consists of conclusions of law,

28  GE is not required to respond to it. To the extent that paragraph 38 of the complaint consists of

1 allegations of fact as to Plaintiffs and/or Plaintiffs' decedent, GE lacks sufficient knowledge or

2 information to form a belief as to the truth of the allegations of paragraph 38, and on such basis

3 the allegations are denied.

4      39.    To the extent that paragraph 39 of the complaint consists of conclusions of law,

5 GE is not required to respond to it.  To the extent that paragraph 39 of the complaint consists of

6 allegations of fact as to Plaintiffs and/or Plaintiffs' decedent, GE lacks sufficient knowledge or

7 information to form a belief as to the truth of the allegations of paragraph 39, and on such basis

8 the allegations are denied.

9      40.    To the extent that paragraph 40 of the complaint consists of allegations of fact as

10 to other defendants, GE  lacks sufficient knowledge or information to form a belief as to the truth

11 of the allegations of paragraph 40, and on such basis the allegations are denied.  To the extent

12 that paragraph 40 of the complaint consists of allegations of fact as to Plaintiffs and/or Plaintiffs'

13 decedent, GE lacks sufficient knowledge or information to form a belief as to the truth of the

14 allegations of paragraph 40, and on such basis the allegations are denied.  To the extent that

15 paragraph 40 of the complaint consists of allegations of fact as to GE, GE denies such

16 allegations.

17      41.    To the extent that paragraph 41 of the complaint consists of allegations of fact as

18 to Plaintiffs and/or Plaintiffs' decedents, GE lacks sufficient knowledge or information to form a

19 belief as to the truth of the allegations of paragraph 41, and on such basis the allegations are

20 denied.

21      42.    To the extent that paragraph 42 of the complaint consists of allegations of fact as

22 to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

23 of the allegations of paragraph 42, and on such basis the allegations are denied.  To the extent

24 that paragraph 42 of the complaint consists of allegations of fact as to Plaintiffs and/or Plaintiffs'

25 decedent, GE lacks sufficient knowledge or information to form a belief as to the truth of the

26 allegations of paragraph 42, and on such basis the allegations are denied.  To the extent that

27 paragraph 42 of the complaint consists of allegations of fact as to GE, GE denies such

28 allegations.

1       43.    To the extent that paragraph 43 of the complaint consists of allegations of fact as

2   to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

3   of the allegations of paragraph 43, and on such basis the allegations are denied.  To the extent

4   that paragraph 43 of the complaint consists of allegations of fact as to Plaintiffs and/or Plaintiffs'

5   decedent, GE lacks sufficient knowledge or information to form a belief as to the truth of the

6   allegations of paragraph 43, and on such basis the allegations are denied.  To the extent that

7   paragraph 43 of the complaint consists of allegations of fact as to GE, GE denies such

8   allegations.

9       44.    GE incorporates by reference as though fully set forth herein paragraphs 1 through

10  43 of this Answer.

11      45.    To the extent that paragraph 45 of the complaint consists of allegations of fact as

12  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

13  of the allegations of paragraph 45, and on such basis the allegations are denied.  To the extent

14  that paragraph 45 of the complaint consists of allegations of fact as to Plaintiffs and/or Plaintiffs'

15  decedent, GE lacks sufficient knowledge or information to form a belief as to the truth of the

16  allegations of paragraph 45, and on such basis the allegations are denied.  To the extent that

17  paragraph 45 of the complaint consists of allegations of fact as to GE, GE denies such

18  allegations.

19              **RESPONSE TO PLAINTIFFS' PRAYER**

20      GE further denies that Plaintiffs are entitled to any damages to the extent Plaintiffs seek

21  damages from GE and denies that Plaintiffs are entitled to any relief from GE to the extent

22  Plaintiffs seek any relief from GE.  Further answering, GE lacks information or knowledge

23  sufficient to respond to each and every allegation in Plaintiffs' prayer for judgment and, on that

24  basis, denies them.

25        **SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSES**

26      By alleging the Separate and Additional Affirmative Defenses set forth below, GE is not

27  in any way agreeing or conceding that it has the burden of proof or burden of persuasion on any

28  of these issues.

## FIRST AFFIRMATIVE DEFENSE

46.     GE alleges that said complaint and each cause of action therein fails to state facts sufficient to constitute a cause of action against GE.

## SECOND AFFIRMATIVE DEFENSE

47.     GE alleges that the causes of action, if any, attempted to be stated and set forth in said complaint are barred by the applicable statutes of limitations, including, but not limited to, the provisions of Code of Civil Procedure Sections 335.1, 338, 340.2 and 361.

## THIRD AFFIRMATIVE DEFENSE

48.     GE alleges that the causes of action, if any, attempted to be stated and set forth in said complaint are barred in whole or in part by the equitable doctrines of waiver, estoppel, and laches.

## FOURTH AFFIRMATIVE DEFENSE

49.     GE alleges that Plaintiffs' decedent, LESTER COLLINS ("Decedent") and others were negligent or otherwise at fault in and about the matters referred to in said complaint, and that such negligence and/or other fault bars or diminishes Plaintiffs' recovery against GE.

## FIFTH AFFIRMATIVE DEFENSE

50.     GE alleges that Decedent was solely negligent in and about the matters alleged in said complaint and that such negligence on the part of Decedent was the sole proximate cause of the injuries and damages complained of by Plaintiffs, if any there were.

## SIXTH AFFIRMATIVE DEFENSE

51.     GE alleges that Decedent assumed the risk of the matters referred to in said complaint, that Decedent knew and appreciated the nature of the risk, and that Decedent voluntarily accepted the risk.

## SEVENTH AFFIRMATIVE DEFENSE

52.     GE is informed and believes and thereon alleges that Decedent misused and abused the products referred to in said complaint, and failed to follow instructions, and that such misuse, abuse and failure to follow instructions on the part of Decedent proximately caused and contributed to the injuries and damages complained of in said complaint, if any there were.

Sedgwick
Detert, Moran & Arnold, LLP
SF/1520847v1

ANSWER TO COMPLAINT FOR WRONGFUL DEATH      CASE NO. CV 08-2704 EDL

## EIGHTH AFFIRMATIVE DEFENSE

53.    GE alleges that if Decedent sustained injuries attributable to the use of any product manufactured, supplied, or distributed by GE, which allegations are expressly denied, the injuries were solely caused by and attributable to the unreasonable, unforeseeable, and inappropriate purpose and improper use which was made of the product.

## NINTH AFFIRMATIVE DEFENSE

54.    GE alleges that if there was any negligence proximately causing the injuries or damages sustained by Plaintiffs, if any, such negligence, if any, was solely that of the defendants, persons, firms, or entities other than GE.

## TENTH AFFIRMATIVE DEFENSE

55.    GE alleges that there is no privity between Plaintiffs or Decedent and GE.

## ELEVENTH AFFIRMATIVE DEFENSE

56.    GE alleges that it gave no warranties, either express or implied, to Decedent and that neither Decedent nor others ever notified GE of any claims of breach of warranty, if any there were.

## TWELFTH AFFIRMATIVE DEFENSE

57.    GE alleges that said complaint and each cause of action therein is barred with respect to this answering defendant by the provisions of the Workers' Compensation Act, including but not limited to Sections 3600, 3601, and 5300 of the Labor Code of the State of California.

## THIRTEENTH AFFIRMATIVE DEFENSE

58.    GE alleges that if there was any negligence proximately causing the injuries or damages, if any, sustained by Decedent, such negligence, if any, is collateral negligence, as that term is used and defined in Restatement 2d Torts, Section 426 and derivative authority.

## FOURTEENTH AFFIRMATIVE DEFENSE

59.    GE alleges that at the time of the matters referred to in the complaint, Decedent was employed by employers other than GE and were entitled to and received workers' compensation benefits from their employers; and that if there was any negligence proximately

Sedgwick
Detert, Moran & Arnold, LLP
SF/1520847v1

ANSWER TO COMPLAINT FOR WRONGFUL DEATH          CASE NO. CV 08-2704 EDL

1    causing the injuries and damages sustained by Plaintiffs, if any, such negligence, if any, was that

2    of Decedent's employers.

### FIFTEENTH AFFIRMATIVE DEFENSE

4    60.    GE alleges that Plaintiffs' claims, and each of them, and this action, are

5    preempted by federal statutes and regulations governing work place exposure to asbestos.

### SIXTEENTH AFFIRMATIVE DEFENSE

7    61.    GE alleges that the products referred to in said complaint, if manufactured by GE

8    at all, were manufactured in strict compliance with United States government specifications, and

9    that the hazards associated with use of the products, if any, were known equally to the

10   government and GE.  Boyle v. United Technologies Corp., 487 U.S. 500 (1988).

### SEVENTEENTH AFFIRMATIVE DEFENSE

12   62.    GE alleges that to the extent said complaint purports to state a cause of action or

13   basis for recovery under Sindell v. Abbott Laboratories (1990) 26 Cal. 3d 588, it is barred by

14   Plaintiffs' failure to join as defendants the manufacturers of a substantial share of the asbestos

15   products market, to which asbestos products Decedent was allegedly exposed, thereby causing

16   the damages alleged; and, should it prove impossible to identify the manufacturer of the product

17   that allegedly injured Decedent, said purported claim or cause of action is barred by the fault of

18   Plaintiffs and their agents in making identification of the manufacturer impossible.

### EIGHTEENTH AFFIRMATIVE DEFENSE

20   63.    GE alleges that, to the extent said complaint purports to state a cause of action or

21   basis for recovery upon lack of identification of the manufacturer of the alleged injury-causing

22   product, it fails to state facts sufficient to constitute a cause of action in that Plaintiffs have

23   asserted claims for relief which, if allowed, would contravene GE's constitutional rights to

24   substantive due process of law, as preserved by the Fourteenth Amendment to the Constitution of

25   the United States and by Article I, Section 7 of the Constitution of the State of California.

### NINETEENTH AFFIRMATIVE DEFENSE

27   64.    GE alleges that said complaint, to the extent that it seeks exemplary or punitive

28   damages pursuant to California Civil Code Section 3294, violates GE's right to procedural due

1  process under the Fourteenth Amendment of the United States Constitution, and Article I,

2  Section 7 of the Constitution of the State of California, and therefore fails to state a cause of

3  action upon which either punitive or exemplary damages can be awarded.

### TWENTIETH AFFIRMATIVE DEFENSE

5      65.    GE alleges that said complaint, to the extent that is seeks punitive or exemplary

6  damages pursuant to California Civil Code Section 3294, violates GE's right to protection from

7  "excessive fines" as provided in the Eighth Amendment of the United States Constitution and

8  Article I, Section 17 of the Constitution of the State of California, and violates GE's right to

9  substantive due process as provided in the Fifth and Fourteenth Amendments of the United States

10  Constitution and the Constitution of the State of California, and therefore fails to state a cause of

11  action supporting the punitive or exemplary damages claimed.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

13      66.    GE alleges that said complaint, and each cause of action therein, fails to state facts

14  sufficient to warrant an award of punitive or exemplary damages against GE.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

16      67.    GE alleges that at all relevant times Decedent's employers were sophisticated

17  users of asbestos-containing products, and that said employers were aware of the dangers, if any,

18  of asbestos-containing products, and that said employers' negligence in providing the products to

19  their employees in a negligent, careless and reckless manner was a superseding intervening cause

20  of Decedent's injuries, if any.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

22      68.    GE alleges that at all relevant times Decedent was a sophisticated user of

23  asbestos-containing products, that Decedent was aware, or should have been aware, of the

24  dangers, if any, of asbestos-containing products, and that the sophisticated user doctrine is a

25  complete bar to Plaintiffs' claims against GE as a matter of law. Johnson v. American Standard,

26  Inc., et al. (2005) 34 Cal.Rptr.3d 863.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

28      69.    GE alleges that the "peculiar risk" doctrine is not applicable to the causes of

1    action attempted to be stated and set forth against this defendant, because the injuries and

2    damages complained of in the complaint, if any there were, arose in the course and scope of

3    Decedent's employment by an independent contractor.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

5    70.    GE alleges that Plaintiffs are barred from recovery in that all products produced

6    by GE were in conformity with the existing state-of-the-art, and as a result, these products were

7    not defective in any manner.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

9    71.    GE alleges that the causes of action, if any, attempted to be stated and set forth in

10   said complaint for negligence per se are barred by California Labor Code Section 6304.5, and

11   derivative authority.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

13   72.    GE alleges that Plaintiffs and/or Decedent failed to exercise due diligence to

14   mitigate their losses, injuries or damages, if any, and, accordingly, the amount of damages to

15   which Plaintiffs are entitled, if any, should be reduced by the amount of damages which

16   otherwise would have been mitigated.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

18   73.    GE alleges that it had no knowledge, either actual or constructive, and by the

19   application of reasonable, developed human skills and foresight had no reason to know of the

20   propensities, if any, of any product allegedly manufactured, supplied, applied and/or sold by GE

21   to cause or contribute to the creation of medical conditions or circumstances involving alleged

22   injuries to the lungs, respiratory and cardiovascular systems, including cancer, mesothelioma, or

23   any other illness or any type whatsoever.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

25   74.    GE alleges that the provisions of California Civil Code Section 1431.2 are

26   applicable to the Complaint and each cause of action therein.

27   ///

28   ///

1

### THIRTIETH AFFIRMATIVE DEFENSE

2      75.    GE alleges that unforeseen and unforeseeable acts and omissions by others

3 constitute a superseding, intervening cause of Plaintiffs' injuries, if any.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

5      76.    GE alleges that each of Plaintiffs' claims, and this entire action, are preempted by

6 all applicable federal law relating to railroads, their equipment, and/or alleged injuries and

7 damages arising therefrom, including but not limited to the Locomotive Boiler Inspection Act, 49

8 U.S.C. sections 20701 et seq.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

10      77.    The matters alleged in said complaint are encompassed within and barred by a

11 settlement and release agreement reached by the parties, which operates as a merger and bar

12 against any further litigation on matters raised or potentially raised in connection with the

13 settlement and release.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

15      78.    To the extent that Plaintiffs and/or Decedent have reached an accord with GE

16 regarding this litigation and this accord was then properly satisfied, the claims, causes of action,

17 and theories of liability asserted in said complaint are barred by the doctrine of accord and

18 satisfaction.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

20      79.    To the extent that Plaintiffs and/or Decedent released, settled, entered into an

21 accord and satisfaction, or otherwise compromised the claims herein, said claims are barred.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

23      80.    The claims asserted in said complaint have been settled, compromised or

24 otherwise discharged and GE is due a set off.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

26      81.    To the extent that Plaintiffs and/or Decedent previously filed a dismissal in court

27 dismissing with prejudice all of the asserted claims, causes of action , and other theories of

28 liability against GE, the matters alleged in said complaint are barred by retraxit.

**Sedgwick**
Detert, Moran & Arnold, LLP

-18-

ANSWER TO COMPLAINT FOR WRONGFUL DEATH     CASE NO. CV 08-2704 EDL

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

82.    Plaintiffs' claims herein are barred based on the primary right and res judicata doctrines which prohibit splitting a single cause of action into successive suits, and seeking new recovery for injuries for which the plaintiff was previously compensated by alleged joint tortfeasors.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

83.    Defendant alleges that the causes of action, if any, attempted to be stated and set forth in said complaint are barred by applicable statutes of repose, including statutes of repose in other states that are applicable to this action pursuant to California Code of Civil Procedure section 361.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

84.    GE alleges that the causes of action, if any, attempted to be stated and set forth in said complaint are barred by laches.

### PRAYER

WHEREFORE, GE prays that Plaintiffs take nothing by reason of their complaint as to GE and that GE has judgment for its costs of suit and attorneys' fees and for such other and further relief as this Court may deem just and proper.

DATED: June 30, 2008               SEDGWICK, DETERT, MORAN & ARNOLD LLP


By:_____/S/____Derek S. Johnson_____
      Derek S. Johnson
      Attorneys for Defendant
      GENERAL ELECTRIC COMPANY

1

**JURY DEMAND**

2          GE hereby demands a trial by jury of the captioned matter.

3

4    DATED: June 30, 2008          SEDGWICK, DETERT, MORAN & ARNOLD LLP

5

6
                                  By:        /S/  Derek S. Johnson
7                                      Derek S. Johnson
                                       Attorneys for Defendant
8                                      GENERAL ELECTRIC COMPANY

9

10       **CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

11         Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other than

12   the named parties, there is no such interest to report.

13

14   DATED: June 30, 2008          SEDGWICK, DETERT, MORAN & ARNOLD LLP

15

16
                                  By:        /S/   Derek S. Johnson
17                                     Derek S. Johnson
                                       Attorneys for Defendant
18                                     GENERAL ELECTRIC COMPANY

19

20

21

22

23

24

25

26

27

28

**Sedgwick**
Detert, Moran & Arnold, LLP
SF/1520847v1

ANSWER TO COMPLAINT FOR WRONGFUL DEATH          CASE NO. CV 08-2704 EDL